**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2763-23

CESAR PAZ SUAREZ,

     Plaintiff-Respondent,

v.

AISAR B. HAMEID,

     Defendant-Appellant.

_____

Submitted April 8, 2025 – Decided July 29, 2025

Before Judges Firko and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. SC-000493-23.

Aisar B. Hameid, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Defendant Aisar B. Hameid appeals from the Law Division, Special Civil

Part (SCP) March 25, 2024 order denying his motion to vacate the entry of

default judgment in favor of plaintiff Cesar Paz Suarez in the amount of $5,042. For the reasons that follow, we affirm.

We derive the following facts from the record. Plaintiff filed a small claims complaint on September 20, 2023, asserting claims for breach of contract and a violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, based on multiple misrepresentations made by defendant related to the sale of a car. The total demand set forth in his complaint was $5,000. The alleged damages included the amount plaintiff paid for the car, as well as the filing fees for the complaint.

The complaint was served by mail on defendant. Defendant failed to appear for the scheduled trial date and default was subsequently entered. The same day, plaintiff then sought entry of a default judgment. Plaintiff testified defendant represented the car was in excellent condition and had only 94,000 miles. Defendant also offered plaintiff a three-month car warranty. Plaintiff purchased the car in cash for $4,266.

A mechanic's inspection revealed the car's mileage exceeded 200,000 and identified issues with the differential. After the differential was repaired, the car's sensors indicated problems with the motor, engine, and transmission. Although the car was operable, plaintiff's car did not pass the motor vehicle

inspection due to engine problems. Plaintiff ultimately stopped driving the car. Plaintiff contacted defendant to repair the car, but he refused.

After hearing plaintiff's testimony, the SCP judge entered judgment in favor of plaintiff. The judge found there was sufficient credible evidence in the record that defendant breached the sales contract and violated the CFA based on multiple misrepresentations. The judge concluded plaintiff was entitled to damages in the amount of $4,266. The judge further concluded that plaintiff was entitled to treble damages under the CFA; however, the amount of judgment was limited to $5,000 plus costs because of the monetary limit for damages for Small Claims Court. On October 18, 2023, the default judgment was entered.

That same day, defendant moved under Rule 4:50-1(a) to vacate the default judgment, asserting that he missed the trial date because of his cousin's death and funeral. Defendant argued the car was sold "AS-IS," "all forms were signed" by plaintiff, and the car was purchased for "$2,666." On January 5, 2024, the judge denied defendant's motion without prejudice under Rule 4:50-1(a), finding that defendant failed to appear for the trial date and had also failed to "articulate a prima facie meritorious defense to the underlying complaint."

Thereafter, defendant moved to reconsider the denial of his motion to vacate the default judgment and he renewed the argument presented in his initial

motion. Defendant advanced a new argument, claiming plaintiff and his mechanic had tested and inspected the car prior to purchase. Defendant also submitted the sales document and New Jersey Motor Vehicle Commission reassignment of certificate of ownership showing mileage of 207,050. In the March 25, 2024 order, a different judge denied defendant's motion for reconsideration, also finding defendant had failed to articulate a meritorious defense.

Defendant raises two points on appeal. Defendant argues the SCP judge erred in denying his motion for reconsideration of the January 5, 2024 order. Defendant contends he has a meritorious defense because he has established that he is not liable for plaintiff's damages. We reject defendant's arguments.

"Motions for reconsideration are governed by [Rule] 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Accordingly, we review under an abuse of discretion standard. AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024).

However, "[a] trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special

deference." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Its interpretation of court rules is also subject to de novo review. Myron Corp. v. Atl. Mut. Ins. Corp., 407 N.J. Super. 302, 309 (2010).

We likewise review a judge's determination under Rule 4:50-1 for abuse of discretion. 257-261 20th Ave. Realty, LLC. v. Roberto, 259 N.J. 417, 436 (2025) (citing U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)).

Under Rule 4:50-1, "[a judge] may relieve a party . . . from final judgment . . . for . . . (a) mistake, inadvertence, surprise, or excusable neglect." A party seeking relief from a default judgment pursuant to Rule 4:50-1(a) must demonstrate both excusable neglect and "a meritorious defense." Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 28 (App. Div. 2005) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964)).

"[A] court should view the setting aside of a default judgment under [Rule 4:50-1] and Rule 4:43-3, with great liberality, and should tolerate every

reasonable ground for indulgence . . . to the end that a just result is reached." MTAG v. Tao Invs., LLC, 476 N.J. Super. 324, 333 (App. Div. 2023) (omission in original) (quoting Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)) (internal quotation marks omitted). "All doubts . . . should be resolved in favor of the part[y] seeking relief." Mancini, 132 N.J. at 334. In doing so, the judge is required to "examine defendant's proposed defense to determine its merit." Bank of N.J. v. Pulini, 194 N.J. Super. 163, 166 (App. Div. 1984).

Applying these principles, we conclude there was no basis to grant defendant relief under Rule 4:50-1. Defendant's motion was timely filed under Rule 4:50-2, within one year of the entry of the default judgment. Defendant, however, has not demonstrated excusable neglect. Rather than request an adjournment from the court, defendant simply failed to appear.

Even if defendant demonstrated excusable neglect due to the death of his cousin, he has not met the standard and established a meritorious defense to vacate the default judgment. Contrary to defendant's argument, his reason for failing to appear for trial does not constitute a meritorious defense. Nor does defendant's newly minted argument raised on reconsideration that the car was sold "AS-IS with no guarantee," supported by a bill of sale and reassignment

6

certification, which showed 207,050 miles on the odometer.  See <u>Medina v. Pitta</u>, 442 N.J. Super. 1, 18 (App. Div. 2015) (explaining that a reconsideration motion "does not provide the litigant with an opportunity to raise new legal issues that were not presented to the court in the underlying motion").  Thus, we conclude there was sufficient, credible evidence in the record to support the judge's denial of defendant's motion for reconsideration of the January 5, 2024 order and we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division